BEN ROBERTSON v. CIRCUIT COURT OF HIGHLANDS COUNTY.

164 So. 525.
Opinion Filed December 3, 1935.

*S. D. Williams,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

Davis, J.—On December 12th, 1933, the petitioner, John Robertson, was tried in the County Judge's Court of Highlands County, and found guilty and sentenced to suffer fine and imprisonment for the offense of unlawful possession of alcoholic or intoxicating liquors commonly called moonshine. On December 26th, 1934, on a statutory appeal (Section 4645 C. G. L., Chapter 7841, Acts 1919) to the Circuit Court, the judgment of conviction and sentence imposed were in due course of procedure, affirmed. Thereafter, on January 12th, 1935, on the application of petitioner, an original writ of certiorari was awarded by the Supreme Court to have brought up for investigation and review the record of the proceedings affirmed by the Circuit Court. So the question now to be determined is whether or not, in affirming the judgment of the County Judge's Court, the Circuit Court of Highlands County has proceeded according to the essential requirements of the law.

The offense charged in the County Judge's Court, and for which the conviction was had, was laid in the criminal affidavit upon which the accused was tried, as having been committed on September 7th, 1933.

The section of the statutes charged as having been violated by the accused was Section 7603 C. G. L., 5460 R. G. S., which section was a part of Florida's "bone dry" prohibition laws enacted under an amendment to Article XIX of the Constitution of the State of Florida, repealed at the General Election held in November, 1934. So on the date of the affirmance of petitioner's conviction, namely, December 26th, 1934, not only the "bone dry" prohibition statutes of Florida prohibiting the unlawful "possession" of intoxicating liquors had been repealed in this State, but the sole constitutional support for the valid existence of any such statutes had been likewise repealed by a constitutional amendment to Article XIX of the State Constitution which had reinstated the statutes of the pre-prohibition era. In this connection it is to be observed that the prosecution and conviction of the petitioner was for the unlawful "possession" of intoxicating liquors, an offense that could not have legally existed under the Florida Constitution, except by reason of the express powers conferred on the Legislature by virtue of the "bone dry" prohibition amendment to Article XIX, adopted in 1918 and repealed in 1934. See: *Ex Parte* Francis, 76 Fla. 304, 79 Sou. Rep. 753, 2 A. L. R. 1068.

It is the view of a majority of the Court that the complete repeal of amended Article XIX (the bone dry prohibition amendment adopted in 1918) by further amended Article XIX adopted in 1934, together with all statutes that could have no legal existence save by force of the repealed amendment, now that such repeal of the constitutional provisions and statutes has come about, even though the repeal has been accomplished since the commission of the original offense, and since the original trial and verdict of guilty and judgment and sentence appealed from to the Circuit

Court, has now worked an avoidance of the original conviction in consonance with the accepted rule of the common law applicable to such contingencies, and that therefore the convicted defendant can no longer be held for punishment under his original trial and sentence, because the statute under which the punishment of the accused was authorized in the first instance, has been completely abrogated by constitutional amendment, without reservation in favor of judgments of conviction rendered prior to the adoption of the latter.

The general rule of the common law is that the repeal of a criminal statute nullifies all proceedings had under it, on the theory that by the repeal, the sovereign power which enacted it has thereby indicated that it no longer desires the former crime to be punished or regarded as criminal, especially where it is merely *"mala prohibita"* and not *mala in se."* See: 25 Ruling Case Law, page 941. While the rule of the common law on this subject has been modified in Florida by the provisions of Section 32 of Article III of our State Constitution,* said section of the Constitution being in derogation of the rights of one accused of crime, is to be strictly construed and so viewed, is to be held applicable only to the repeal or amendment of criminal *statutes,* not to the repeal or amendment of constitutional provisions which furnish the sole support for the validity of criminal statutes on subjects *"mala prohibita"* such as the mere "possession" of an article currently deemed more of a virtue than an offense against the law, in the light of the latest expression of the popular will.

---

*Section 32 of Article III, Const. Fla., reads as follows: "The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment."

In this case, the judgment of conviction rendered against the petitioner was affirmed by the Circuit Court of Highlands County on December 26th, 1934, at a time when the Constitution itself pertaining to the subject of intoxicating liquors had been so specifically amended in its terms as to destroy every vestige of the constitutional power upon which the validity of Section 7603 C. G. L., prescribing punishment for the act of the accused, was originally rested. Hence, the limitation of Section 32 of Article III of the Constitution, *supra,* were ineffective to save the prosecution and conviction from abatement under the rule of the common law hereinbefore referred to, because said section of the Constitution last cited is in terms enforceable only where there has been a "repeal or amendment of any criminal statute."

So the judgment of the Circuit Court of Highlands County affirming a conviction for which no criminal punishment could be lawfully inflicted at the time of the affirmance, was not according to the essential requirements of law and should be quashed.

Judgment of Circuit Court quashed on certiorari.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

